FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 21 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN DAVID FOLLETT,<br><br>    Plaintiff,<br><br>v.<br><br>ROMEO ARANAS et al.,<br><br>    Defendants. | 3:16-cv-00429-RCJ-VPC<br><br>ORDER |

**I. DISCUSSION**

Plaintiff has filed identical motions for temporary restraining order ("TRO") and preliminary injunction and a motion for Rule 11 relief. (ECF No. 4, 5, 7).

In the motions for TRO/preliminary injunction, Plaintiff seeks an order directing Warden Baca to permit Plaintiff to receive "styro-trays" in his cell. (ECF No. 4 at 11.) Plaintiff alleges the following: On October 14, 2015, Dr. Johns ordered Plaintiff a special medical diet because Plaintiff suffered from a severe bowel disorder and no longer had a large intestine. (ECF No. 4-1 at 17). Due to his bowel disorder, Plaintiff had difficulty holding his bowel movements. (*Id.*) There were no bathroom facilities in the dining hall. (*Id.*) Dr. Johns's medical order directed Plaintiff to have a high protein diet and the ability to take his meals back to his housing unit in order to permit him to eat smaller meals over the course of the day. (*Id.*) Dr. Aranas approved the medical order on October 21, 2015. (*Id.* at 18).

On May 8, 2017, prison officials hung a memo in the dining hall which stated that "all diet orders for styros have been discontinued" and stated that they had to be "renewed with the warden's approval within 72 hours." (ECF No. 4 at 5; ECF No. 4-1 at 18). The next day, prison officials hung a memo in the dining hall which stated, "effective immediately there will be no styrofoam trays leaving the culinary per Warden Baca." (ECF No. 4-1 at 18). Since that

time, Plaintiff has not been able to receive his medical diet. (*Id.*) Plaintiff must now eat in the dining hall. (*Id.*) However, Plaintiff cannot finish a full meal without having to leave and use a toilet. (*Id.*) Once Plaintiff leaves the dining hall, prison officials will not permit him to return. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court finds that Plaintiff alleges sufficient facts to warrant a response from Defendants. Based on the screening order, Plaintiff has stated several colorable indifference to serious medical needs claims and equal protection claims related to his medical issues. Based on the allegations, Plaintiff is likely to suffer irreparable harm with respect to adequate nutrition if he is unable to return to the dining hall once he leaves to use the toilet. Based on the allegations, Plaintiff must constantly use the restroom due to his bowel disorder. As such, the Court orders the Attorney General's Office to advise the Court within seven (7) days from the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants. Based on the nature of the allegations, Defendants shall also have seven (7) days from the date of this order to file their response to Plaintiff's motion for TRO/preliminary injunction.[1] In their response, Defendants should address the order prohibiting styro trays, the

---

[1] The Court denies Plaintiff's motion for Rule 11 relief based on the fact that Defendants have not yet filed a response to his motions for TRO/preliminary injunction. (ECF No. 7).

reasons for denying the practice, and any alternatives or options for Plaintiff absent a styro tray.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office must advise the Court within seven (7) days from the date of entry of this order whether it can accept service of process for the named Defendants and enter a limited appearance for the purpose of responding to Plaintiff's motions for preliminary injunction/TRO.

IT IS FURTHER ORDERED that Defendants must file a response to Plaintiff's motion for TRO/preliminary injunction (ECF No. 4, 5) within seven (7) days from the date of entry of this order. If Plaintiff chooses to file a reply, he will file such a reply within ten (10) days from the date of entry of Defendants' response.

IT IS FURTHER ORDERED that the motion for Rule 11 relief (ECF No. 7) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically serve a copy of this order and a copy of Plaintiff's motions for TRO/preliminary injunction (ECF No. 4, 5) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

DATED: This 21st day of June, 2017.

_____
United States Magistrate Judge